RANDY S. GROSSMAN
United States Attorney
ALEXANDER KRISTOFCAK
California Bar No. 347704
Assistant United States Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9741
Alexander.Kristofcak@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL FACIO-SERVIN,<br><br>  Defendant. | Case No.: 20-MJ-20147-FAG-BTM<br><br>**ANSWERING BRIEF FOR THE UNITED STATES OF AMERICA**<br><br>Honorable Barry Ted Moskowitz |

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Introduction | 1 |
| Jurisdiction and Bail Status | 1 |
| Questions Presented | 2 |
| Statement | 2 |
| Argument | 4 |
| A. Facio Waived His Due Process Claim Through an Unconditional Guilty Plea. | 4 |
|    1. Standard of Review. | 4 |
|    2. Legal Principles. | 5 |
|    3. Analysis. | 5 |
| B. Presenting Facio in Restraints During the Initial Appearance and the Change of Plea Hearing Did Not Violate His Due Process Rights. | 6 |
|    1. Standard of Review. | 6 |
|    2. Legal Principles. | 6 |
|    3. Analysis. | 7 |
| C. Section 1325(a)(1) Does Not Violate Equal Protection | 10 |
| D. The Magistrate Court Properly Informed Facio of the Elements of 8 U.S.C. § 1325(a)(1) | 11 |
| Conclusion | 11 |

# TABLE OF AUTHORITIES

Cases:

| | |
|---|---|
| *Bell v. Wolfish*, 441 U.S. 520 (1979) | 1, 6, 8, 9 |
| *Class v. United States*, 138 S. Ct. 798 (2018) | 5 |
| *Deck v. Missouri*, 544 U.S. 622 (2005) | 1, 6, 7, 8 |
| *Durning v. Citibank, N.A.*, 950 F.2d 1419 (9th Cir.1991) | 7 |
| *O'Connor v. Donaldson*, 422 U.S. 563 (1975) | 7 |
| *Tollett v. Henderson*, 411 U.S. 258 (1973) | 5 |
| *United States v. Broce*, 488 U.S. 563 (1989) | 5 |
| *United States v. Campos-Atrisco*, No. 19-MJ-024683-KSC-BAS, 2021 WL 5332918 (S.D. Cal. Nov. 16, 2021) | 10 |
| *United States v. Carrillo-Lopez*, No. 21-10233 | 5 |
| *United States v. Chavez-Diaz*, 949 F.3d 1202 | 1, 5 |
| *United States v. Gallegos-Aparicio*, No. 19-CR-2637-GPC, 2020 WL 7318124 (S.D. Cal. Dec. 11, 2020) | 10 |
| *United States v. Howard*, 480 F.3d 1005 (9th Cir. 2007) | 7, 9 |
| *United States v. Jackson*, 697 F.3d 1141 (9th Cir. 2012) | 6 |

*United States v. Jose Carmona-Escobar*, 20-MJ-20015, ECF No. 9 … 3
*United States v. Lazcano-Neria*, No. 20-MJ-04538-AHG,
   2020 WL 6363685 (S.D. Cal. Oct. 29, 2020) … 10
*United States v. Lopez-Armenta*, 400 F.3d 1173 (9th Cir. 2005) … 5
*United States v. Lucas-Hernandez*,
   No. 19-MJ-24522-LL, 2020 WL 6161150 (S.D. Cal. Oct. 21, 2020) … 10
*United States v. Lucas-Hernandez*,
   No. 19-MJ-24522-LL-TWR, 2022 WL 1556161 (S.D. Cal. May 17, 2022) … 10
*United States v. Morales-Roblero*,
   No. 19-MJ-24442-AHG, 2020 WL 5517594 (S.D. Cal. Sept. 14, 2020) … 10
*United States v. Peyton*, 353 F.3d 1080 (9th Cir. 2003) … 6
*United States v. Rios-Montano*,
   No. 19-CR-2123-GPC, 2020 WL 7226441 (S.D. Cal. Dec. 8, 2020) … 10
*United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017) … 7
*United States v. Rizo-Rizo*, 16 F.4th 1292 (9th Cir. 2022) … 1, 10
*United States v. Watson*, 582 F.3d 974 (9th Cir. 2009) … 4
*United States v. Zuber*, 118 F.3d 101 (2d Cir. 1997) … 7
*Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
   429 U.S. 252 (1977) … 10

Constitution and Statutes:

8 U.S.C. § 1325(a)(1) … passim
18 U.S.C. § 3401(a) … 1
18 U.S.C. § 3402 … 2

Rules:

Fed. R. Crim. P. 11(a)(2) … 4
Fed. R. Crim P. 58(g)(2)(B) … 1

## INTRODUCTION

Daniel Facio-Servin ("Facio") raises three challenges to his January 23, 2020 conviction for illegal entry in violation of 8 U.S.C. § 1325(a)(1). None have merit.

First, Facio waived his due process claim related to his presentation in court in shackles and behind plexiglass when he pleaded guilty during a properly conducted Rule 11 guilty plea and without an agreement preserving the issue for appeal. *See United States v. Chavez-Diaz*, 949 F.3d 1202, 1207 (9th Cir. 2020). Even if the Court were to consider Facio's due process claim on the merits, it should decline to find that Facio had a due process right to be free from restraints in pretrial proceedings in front of a judge absent an individualized determination of risk. Under binding Supreme Court authority, neither history nor the underlying legal principles support extending the right to be free from restraints outside of jury proceedings. *See Deck v. Missouri*, 544 U.S. 622, 630–31, 633 (2005). Instead, under the applicable framework for evaluating the constitutionality of pre-trial conditions established in *Bell v. Wolfish*, 441 U.S. 520 (1979), Facio's restraints were plainly not punitive but instead were reasonably related to valid security concerns. And in any event, any alleged due process violation was harmless, as it did not affect the voluntary and knowing nature of Facio's guilty plea.

Second, § 1325(a)(1) does not violate equal protection. The Ninth Circuit Court of Appeals is currently considering this question, but in the meantime, every court in this district to consider the issue has rejected this claim.

Third, § 1325(a)(1) does not have knowledge of alienage as an element. The Ninth Circuit has rejected Facio's argument to the contrary and the Supreme Court has denied certiorari. *See United States v. Rizo-Rizo*, 16 F.4th 1292, 1299 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 120 (2022).

Facio's guilty plea and conviction should be affirmed.

## JURISDICTION AND BAIL STATUS

The Magistrate Court had jurisdiction under 18 U.S.C. § 3401(a). Final judgment was entered January 27, 2020, and Facio timely filed his appeal. ECF No. 9; *See* Fed.

R. Crim P. 58(g)(2)(B). Appeals of Magistrate Court rulings are taken to the District Court. 18 U.S.C. § 3402. Facio was sentenced to time served and is no longer in criminal custody. Transcript of Change of Plea ("Plea Tr.") 17.[1]

## QUESTIONS PRESENTED

1. Did Facio waive his due process claim through an unconditional guilty plea?
2. Were Facio's due process rights violated when he was presented in shackles, behind a plexiglass barrier during his initial appearance and his change of plea hearing?
3. Does Section 1325(a)(1) violate equal protection under *Arlington Heights*?
4. Did the Magistrate Court properly advise Facio of the elements of Section 1325(a)(1)?

## STATEMENT

On the morning of January 16, 2020, Border Patrol Agent N. Souza and his canine partner were performing their assigned duties approximately twenty-seven miles east of the Tecate, California Port of Entry and one and a half miles north of the United States-Mexico International Boundary. Compl., ECF No. 2, at 2. At approximately 9:00 a.m., Agent Souza responded to assist in the search for several individuals that ran away from another Border Patrol agent. *Id.* Agent Souza's canine partner led Agent Souza to two individuals hiding under a bush. *Id.* The individuals, including Facio, stated that they were citizens of Mexico without immigration documents that would allow them to enter or remain in the United States legally. *Id.* At approximately 9:30 a.m., Agent Souza placed both individuals under arrest. *Id.*

On January 17, 2020, Facio was charged with improper attempted entry by an alien, in violation of 8 U.S.C. § 1325(a)(1), a misdemeanor. *Id.* at 1. In the afternoon of the same day, he was presented to the Magistrate Court for his initial appearance.

---

[1] A copy of the change of plea transcript is attached to Facio's opening brief, ECF No. 32, Ex. B.

Transcript of Initial Appearance ("IA Tr.") 3.[2] During the hearing, Facio's counsel objected to Facio being presented with restraints and behind a plexiglass wall. IA Tr. 4. Facio's counsel argued that Facio has no criminal and immigration history and presents no individual risk of flight or danger. *Id.* Facio was brought out separately due to a medical issue. *Id.* The Magistrate Court overruled counsel's objections and deemed the objection continuous in this matter. IA Tr. 5.[3] The Government moved to detain Facio based on risk of flight, and the Court ordered Facio detained. IA Tr. 8–9.

On January 23, 2020, Facio appeared again in Magistrate Court to enter a guilty plea with immediate sentencing. Plea Tr. 4. As an initial matter, the Court again deemed the objections previously made to the plexiglass barriers or the use of restraints to be continuing objections that have already been ruled upon. *Id.* The Court then proceeded with a change-of-plea hearing without a plea agreement. Plea Tr. 5.

The Court first confirmed that Facio is not taking any medication or drugs that could affect his ability to understand the proceedings. Plea Tr. 7. The Court then advised Facio of his rights, the maximum penalties, and the immigration consequences of a guilty plea. Plea Tr. 8–9. The Court informed Facio of the following elements of the offense:

> Number 1, defendant at the time of attempted entry into the United States was an alien; that is, a person who is not a natural-born or naturalized citizen or national of the United States of America.

---

[2] A copy of the initial appearance transcript is attached to Facio's opening brief, ECF No. 32, Ex. A.

[3] In its ruling, the Court referenced the reasoning of the January 9, 2020 decision of Magistrate Judge Michael J. Seng in *United States v. Jose Carmona-Escobar*, 20-MJ-20015, ECF No. 9. In this decision, Magistrate Judge Seng found that plexiglass and shackles are related to a legitimate security purpose. *Id.* at 3. He also stated that no defendant or counsel has indicated that these measures have caused the defendants' mental faculties to be impaired or caused them pain. *Id.*

> Second, defendant had the specific intent to enter the United States at a time and place other than designated by immigration officers.
>
> Third, defendant had the specific intent to enter the United States free from official restraint, meaning the defendant intended to enter without being detected, apprehended, or taken into custody by the Government so that he could roam freely in the United States.
>
> And fourth, defendant did something that was a substantial step towards committing the crime and strongly corroborated the defendant's intent to commit the crime.

Plea Tr. 11. Facio's counsel objected and argued that knowledge of alienage is an additional element of the offense, and the Court overruled the objection. Plea Tr. 12.

The Court then established a factual basis for the guilty plea. Plea Tr. 12. Facio admitted that he crossed the border from Mexico into the United States at a place other than a designated Port of Entry; that he did it with the intent to enter the United States at a place other than a designated Port of Entry; that he intended to do so free from official restraint; and when he entered, he was not a citizen or national of the United States of America. Plea Tr. 12–14.

Having been advised of his rights, the charges against him, and the possible sentence, Facio pleaded guilty. Plea Tr. 14. The Court found that Facio was competent to enter the guilty plea, that the plea was made knowingly and voluntarily, that there was a factual basis for his guilty plea, and accepted the guilty plea. Plea Tr. 15. The Court sentenced Facio to time served. Plea Tr. 17. This appeal followed. ECF No. 11.

## ARGUMENT

**A. Facio Waived His Due Process Claim Through an Unconditional Guilty Plea.**

1. *Standard of Review*. The Court reviews de novo whether a defendant has waived appeal of an issue. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

2. *Legal Principles*. Under Federal Rules of Criminal Procedure, "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). But, when a defendant "plead[s] guilty unconditionally, e.g., without a written plea agreement preserving identified issues for appeal[,] . . . a defendant's ability to raise issues on appeal is severely constrained." *United States v. Chavez-Diaz*, 949 F.3d at 1206. Thus, "an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). As the Supreme Court has explained, a "valid guilty plea . . . renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Class v. United States*, 138 S. Ct. 798, 805 (2018). As a result, without specifically reserving an issue for appeal, a defendant may only attack either "the voluntary and intelligent character of the guilty plea," *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), or the Government's "power to bring any indictment at all." *United States v. Broce*, 488 U.S. 563, 575 (1989).

3. *Analysis*. Facio claims that his presentation in Magistrate Court in shackles and behind a plexiglass barrier was a due process violation. Appellant's Opening Brief ("AOB") 4–7. But because he waived this claim, the Court should dismiss it.

Facio entered an unconditional guilty plea without a written plea agreement preserving any issues for appeal. Plea Tr. 4. Therefore, the Court's review is limited to the voluntary or intelligent character of the plea or jurisdictional questions. *Lopez-Armenta*, 400 F.3d at 1175.

Facio does not claim that the alleged due process violation affected the voluntary and intelligent character of the plea or stripped the Government of its power to prosecute him. Therefore, these claims are firmly within the realm of "government conduct that takes place before the plea is entered," *Class*, 138 S. Ct. at 805, and which cannot be

challenged after a guilty plea unless preserved, *Chavez-Diaz*, 949 F.3d at 1207. In fact, in the context of a prosecution brought under § 1325, the Ninth Circuit has specifically held that due process claims related to the shackling of the defendant were waived by the defendant's unconditional guilty plea. *Id.*

Accordingly, Facio's unconditional guilty plea resulted in waiver of his due process claim and the Court should dismiss the appeal as to this claim. *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (stating that a reviewing Court will typically "dismiss the appeal when the government properly and timely raises the waiver").

**B.     Presenting Facio in Restraints During the Initial Appearance and the Change of Plea Hearing Did Not Violate His Due Process Rights.**

1.     *Standard of Review*. The Court reviews de novo an alleged violation of a defendant's due process rights. *United States v. Peyton*, 353 F.3d 1080, 1085 (9th Cir. 2003) (overruled on other grounds).

2.     *Legal Principles*. The Supreme Court has recognized two general due process concerns in the context of pre-trial prisoner restraints. First, a pre-trial detainee cannot be "punished" before receiving due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). The second concept of due process in the pre-trial context involves the use of visible restraints before a jury. In *Deck v. Missouri*, 544 U.S. 622 (2005), the Supreme Court recognized that there was a longstanding common law rule against presenting a defendant in visible restraints to the jury during the guilt phase of the trial. *Id*. at 626. The Court summarized "three fundamental legal principles" underlying this common law rule. First, the use of visible shackles undermines the presumption of innocence by suggesting to the jury that "the justice system itself sees a need to separate a defendant from the community at large." *Id*. at 630. Second, the use of shackles "can interfere with a defendant's ability to participate in his own defense." *Id*. at 631. Finally, "the routine use of shackles in the presence of juries" is an affront to the "dignity and decorum of judicial proceedings." *Id*.

While recognizing each of these concerns, the Court made it clear that the common law rule against shackling did not apply to proceedings before a judge:

> Blackstone and other English authorities recognized that the rule did not apply at "the time of arraignment," or like proceedings before the judge. It was meant to protect defendants appearing at trial before a jury.

*Id*. at 626 (internal citations omitted).

It is against this backdrop that in *United States v. Howard*, 480 F.3d 1005, 1013 (9th Cir. 2007), the Ninth Circuit held that the use of leg restraints at initial appearances did not violate due process. In doing so, the Court referenced the analysis of the Second Circuit in *United States v. Zuber*, 118 F.3d 101, 103-04 (2d Cir. 1997), which distinguished proceedings in front of a judge from proceedings in the presence of a jury, "reasoning that the possibility of juror bias 'constitutes the paramount concern' in cases requiring 'an independent, on the record, judicial evaluation of the need to employ physical restraints in court.'" *Howard*, 480 F.3d at 1013 (quoting *Zuber*, 118 F.3d at 103–04). Without a jury, however, "fear of prejudice is not at issue, as a judge in a pretrial hearing presumably will not be prejudiced by seeing defendants in shackles." *Id*. at 1012.

Although the Ninth Circuit has since *Howard* issued an en banc decision in *United States v. Sanchez-Gomez*, 859 F.3d 649, 653 (9th Cir. 2017), that interpreted *Deck* in a way that extended the due process restrictions on shackling to non-jury proceedings, that opinion was vacated by the Supreme Court and has no precedential effect on this Court's decision. See *O'Connor v. Donaldson*, 422 U.S. 563, 577 n. 12 (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect."); *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n. 2 (9th Cir. 1991) ("A decision may be reversed on other grounds, but a decision that has been *vacated* has no precedential authority whatsoever.").

3. *Analysis*. If the Court were to reach the merits of Facio's due process claim—and it should not—it should decline to recognize a due process right to be free from restraints in pretrial proceedings without a jury.

First, as outlined above, the Supreme Court held in *Deck* that while "courts cannot routinely place defendants in shackles visible to the jury during the penalty phase of a capital proceeding" in the absence of an individualized justification, that same rule does not apply in non-jury proceedings. 544 U.S. at 633. The decision in *Deck* was grounded in the "deep[ly] root[ed]" common law rule "forbidd[ing] routine use of visible shackles during the guilt phase" of a criminal trial. 544 U.S. at 626. As the Supreme Court explained, however, that common law rule "was meant to protect defendants appearing at trial before a jury" and did not govern pretrial to nonjury proceedings. *Id*. "Blackstone and other English authorities," the Court observed, "recognized that the rule did not apply at 'the time of arraignment,' or like proceedings before the judge." *Id*. (quoting 4 W. Blackstone, Commentaries on the Laws of England 317 (1769)).

Second, the decision in *Deck* also relied on the "three fundamental legal principles" that underlie the common-law rule. 544 U.S. at 630-631. The Court explained that visible restraints "suggest[] to the jury that the justice system itself sees a 'need to separate a defendant from the community at large'"; that limitations on the defendant's movements may diminish an accused's right to a "meaningful defense" by impinging on "the accused's 'ability to communicate' with his lawyer" and his decision "whether to take the witness stand on his own behalf"; and that routine use of restraints "in the presence of juries" undermines the "courtroom's formal dignity." *Id*. (citations omitted). Those considerations are inapplicable, or apply with greatly diminished force, in the context of nonjury pretrial proceedings, in which a judge is unlikely to be biased by the presence of restraints and can readily accommodate a defendant's practical needs.

Moreover, the Supreme Court separately established the standard for evaluating the constitutionality of pre-trial conditions in *Bell v. Wolfish*, 441 U.S. 520 (1979). The

8

Court explained that although pretrial detainees "ha[ve] not been adjudged guilty of any crime," 441 U.S. at 536, the presumption of innocence that will apply at trial "has no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun." *Id*. at 533. Rather, the conditions under which a pretrial detainee is held "implicate only the protection against deprivation of liberty without due process of law," and thus the "proper inquiry" into the constitutionality of conditions imposed upon him "is whether those conditions amount to punishment of the detainee." *Id*. at 535. Under *Bell*, in the absence of direct evidence of punitive intent, a condition of pretrial detention will not be deemed "punishment" as long as it "is reasonably related to a legitimate governmental objective." *Id*. at 539.[4]

Here, there is no suggestion that the use of leg restraints was "punitive" or means as punishment. To the contrary, the use of restraints was simply a practical accommodation to allow for the safe presentment of unpredictable defendants in court. *See* IA Tr. 5; *see also Howard*, 480 F.3d at 1013 (explaining that in early proceedings, "security-related information concerning defendants typically is incomplete"). Moreover, Facio's counsel in fact specifically asked that Facio be presented separately due to a "mental health issue," IA Tr. 4, which the Court found "all the more reason why" it should not allow him to be presented without restraints, *id.* at 5. In sum, Facio's restraints were "reasonably related to a legitimate government objective," *Bell*, 441 U.S.

---

[4] For these reasons, even if the en banc decision in *Sanchez-Gomez* could still be considered "persuasive authority," this Court should decline to follow it. As the five-judge dissent in *Sanchez-Gomez* persuasively argued, the majority opinion based its due process holding largely on its reading of historical authorities in a way that was precisely opposite of the Supreme Court's reading of those same sources in *Deck*. 859 F.3d 649, 679. Moreover, the reasons given by the Supreme Court for prohibiting the use of visible shackles in *Deck* did not apply with the same force in a non-jury setting. *Id*. at 676. Finally, the dissent explained that "the appropriate framework" for resolving the claims was *Bell*, and there was no allegation that the Marshals—statutorily charged by Congress with providing courtroom security—were "punishing detainees by restraining them or otherwise imposing conditions of confinement unrelated to the government's legitimate interests." *Id*.

at 536, namely, courtroom safety. Accordingly, the Court should deny Facio's due process claim with respect to the use of restraints in proceedings without a jury present.

Finally, even if the Court were to find that Facio's due process rights were violated, the alleged violation would not warrant vacating the conviction. A violation of a defendant's due process rights through shackling is subject to harmless error analysis. *See Duckett v. Godinez*, 67 F.3d 734, 749 (9th Cir. 1995). Constitutional error is harmless if a court concludes "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967).

In this case, Facio's conviction did not result from a jury verdict, but rather from Facio's guilty plea validly entered pursuant to Rule 11 in front of a judge. Plea Tr. 14–15. This undermines Facio's claim of prejudice in two significant ways. First, there was no jury in this case that could have been unduly influenced by Facio's shackling. On the contrary, the proceedings occurred in front of a judge and "[t]here is a strong presumption that a judge is not biased or prejudiced," *Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010), which Facio makes no attempt to rebut. Second, the Magistrate Judge did not adjudge Facio guilty based on his independent evaluation of the evidence, but rather based on his findings that all the other requirements of Rule 11 were satisfied, including a factual basis established by Facio's admissions as to every element of the offense. Plea Tr. 15. There was therefore no opportunity for the shackles or the plexiglass barrier to influence the Magistrate Judge. And because Facio does not argue that the alleged due process violation affected his decision to plead guilty, it is beyond a reasonable doubt that it did not contribute to his conviction. As a result, any potential due process violation was harmless.

**C. Section 1325(a)(1) Does Not Violate Equal Protection.**

Facio briefly argues his prosecution violated equal protection under *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). AOB 7–8. This issue is currently pending in the Ninth Circuit. *See United States v.*

*Carrillo-Lopez*, No. 21-10233. In the meantime, every court in this district to consider the issue has rejected Defendant's claims.[5] This Court should do the same.

### D. The Magistrate Court Properly Informed Vazquez of the Elements of 8 U.S.C. § 1325(a)(1).

Finally, Facio argues that his guilty plea did not comport with Rule 11 because he was not advised of all elements of the offense. AOB 8–13. Specifically, Facio claims that to convict him of attempting to unlawfully enter the United States, the government must prove that he knew that he was not a citizen of the United States. In *United States v. Rizo-Rizo*, 16 F.4th 1292, 1299 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 120 (2022), the Ninth Circuit, rejected this argument in a binding published opinion and the Supreme Court denied certiorari. Accordingly, Defendant's arguments must be rejected.

## CONCLUSION

Facio's guilty plea and conviction should be affirmed.

Respectfully submitted,

Dated: March 27, 2023

RANDY S. GROSSMAN
United States Attorney

/s/ Alexander Kristofcak
ALEXANDER KRISTOFCAK
Assistant United States Attorney

---

[5] *See, e.g.*, *United States v. Lucas-Hernandez*, No. 19-MJ-24522-LL-TWR, 2022 WL 1556161, at *9 (S.D. Cal. May 17, 2022); *United States v. Campos-Atrisco*, No. 19-MJ-024683-KSC-BAS, 2021 WL 5332918, at *4–5 (S.D. Cal. Nov. 16, 2021); *United States v. Gallegos-Aparicio*, No. 19-CR-2637-GPC, 2020 WL 7318124, at *1–4 (S.D. Cal. Dec. 11, 2020); *United States v. Rios-Montano*, No. 19-CR-2123-GPC, 2020 WL 7226441, at *2–8 (S.D. Cal. Dec. 8, 2020); *United States v. Lazcano-Neria*, No. 20-MJ-04538-AHG, 2020 WL 6363685, at *6–9 (S.D. Cal. Oct. 29, 2020); *United States v. Lucas-Hernandez*, No. 19-MJ-24522-LL, 2020 WL 6161150, at *2–4 (S.D. Cal. Oct. 21, 2020); *United States v. Morales-Roblero*, No. 19-MJ-24442-AHG, 2020 WL 5517594, at *7–10 (S.D. Cal. Sept. 14, 2020).