PAUL A. BARR
California State Bar No. 247951
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Paul_Barr@fd.org

Attorneys for Defendant-Appellant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HON. BARRY T. MOSKOWITZ

| United States Of America, | CASE NO.:  20-MJ-20147-FAG-BTM |
|---|---|
| Plaintiff, | **Appellant's Reply Brief** |
| v. | |
| Daniel Facio-Servin, | |
| Defendant. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I.   Mr. Facio-Servin's due process rights were violated when he was subject to leg shackles and placement inside a plexiglass cage during his change of plea hearing, which rendered his guilty plea involuntary. ............................. 2

    A.   Mr. Facio-Servin did not waive his right to raise a due process challenge to the shackles and plexiglass cage, because those conditions rendered the guilty plea involuntary. ................................... 2

    B.   Mr. Facio-Servin's rights were violated when he was subjected to shackling and separated from his counsel by a plexiglass barrier, and the government cannot show that the error was harmless beyond a reasonable doubt. ................................................................................. 3

        1.   The prohibition against indiscriminate shackling is not limited to proceedings before a jury. ........................................... 3

        2.   *Bell v. Wolfish* does not provide the proper framework for evaluating the constitutionality of in-court conditions. ............. 5

        3.   The due process violation was not harmless. ........................... 6

II.  Mr. Facio-Servin preserves his equal protection challenge to the illegal entry statute under *Arlington Heights*. ................................................................. 7

III. Mr. Facio-Servin preserves his argument that the magistrate judge failed to properly advise him of the elements of the offense, in violation of both basic principles of attempt law and Rehaif. ...................................................... 7

CONCLUSION ........................................................................................................................... 7

**Table of Authorities**

**Federal Cases**                                                                                      **Page(s)**

*Arlington Heights v. Metropolitan Housing Development Corp.*,
   429 U.S. 252 (1977) ................................................................................... 1

*Bell v. Wolfish*,
   441 U.S. 520 (1979) ................................................................................... 5

*Chapman v. California*,
   386 U.S. 18 (1967) ..................................................................................... 6

*Deck v. Missouri*,
   544 U.S. 622 (2005) ............................................................. 2-3, 3, 4, 5, 6

*Rehaif v. United States*,
   139 S. Ct. 2191 (2019) ............................................................................... 1

*Riggins v. Nevada*,
   504 U.S. 127 (1992) ................................................................................... 6

*Roe v. Anderson*,
   134 F.3d 1400 (9th Cir. 1998) .................................................................. 4

*Tollet v. Henderson*,
   411 U.S. 258 (1973) ............................................................................... 2, 3

*United States v. Broce*,
   488 U.S. 563 (1989) ................................................................................... 2

*United States v. Chavez-Diaz*,
   949 F.3d 1202 (9th Cir. 2020) ............................................................... 1, 3

*United States v. Sanchez-Gomez*,
   859 F.3d 649 (9th Cir. 2017) (en banc) ............................................. 4, 5, 6

**Federal Statutes**

8 U.S.C. § 1325 ................................................................................................ 1, 7

8 U.S.C. § 1326 ................................................................................................... 7

**Other**

*Trial of Christopher Layer*,
16 How. St. Tr. 94 ........................................................................................ 3-4

**INTRODUCTION**

In his opening brief, Mr. Facio-Servin challenged the validity of his misdemeanor illegal entry conviction, in violation of 8 U.S.C. § 1325, for three reasons. First, at his guilty plea hearing Mr. Facio-Servin was forced to appear before the magistrate court wearing leg shackles and was physically separated from his defense counsel by a plexiglass cage, which violated his due process rights and rendered his plea unknowing and involuntary. Second, Mr. Facio-Servin's prosecution for illegal entry violated equal protection under *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977). Finally, Mr. Facio-Servin argued, in order to preserve for further review, that the magistrate judge improperly advised him as to the elements of the charged offense when he incorrectly omitted the element that Mr. Facio-Servin knew that he was not a United States citizen, as required by both the general law of attempt charges and the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In its answering brief, the government contends first that Mr. Facio-Servin waived his right to raise a challenge to the shackles and plexiglass cage when he pleaded guilty, and that in any event there was no violation of his due process rights. The government then argues that § 1325 does not violate equal protection. Finally, the government notes, as Mr. Facio-Servin acknowledged in his opening brief, that the Ninth Circuit has rejected the argument that knowledge of alienage is an element of the offense for illegal entry.

This Court should nonetheless vacate Mr. Facio-Servin's conviction. Mr. Facio-Servin's due process challenge to the shackles and plexiglass barrier is preserved because it goes to the question of the voluntariness of his guilty plea. It thus is not barred by the Ninth Circuit's decision in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1207 (9th Cir. 2020). And, on the merits of the claim, the magistrate judge failed to make any finding that Mr. Facio-Servin posed a risk of flight or danger. Even so, Mr. Facio-Servin was forced to appear for his guilty plea in shackles and separated from

1

his attorney by a plexiglass barrier, restrictions that were inherently prejudicial and which the government cannot show were harmless beyond a reasonable doubt.

**ARGUMENT**

I. **Mr. Facio-Servin's due process rights were violated when he was subject to leg shackles and placement inside a plexiglass cage during his change of plea hearing, which rendered his guilty plea involuntary.**

In its answering brief, the government first contends that Mr. Facio-Servin has waived any right to raise a due process challenge to the courtroom conditions at the time of his guilty plea and that, in any event, there was no due process violation. *See* AAB at 4-10.[1] Both arguments fail, and this Court must vacate Mr. Facio-Servin's plea.

A. **Mr. Facio-Servin did not waive his right to raise a due process challenge to the shackles and plexiglass cage, because those conditions rendered the guilty plea involuntary.**

Mr. Facio-Servin preserved his right to appeal the courtroom conditions at the time of his guilty plea, and the government's contention to the contrary is unavailing. As the government correctly notes, absent a conditional plea Mr. Facio-Servin is limited to challenging either the validity of the guilty plea itself or the government's power to hale him into court at all. *See* AAB at 5 (citing *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Broce*, 488 U.S. 563, 575 (1989)). The government then contends that because Mr. Facio-Servin did not raise either type of challenge, this Court should dismiss the claim. *Id.* But this misapprehends Mr. Facio-Servin's argument.

In his opening brief, Mr. Facio-Servin began his due process claim by noting that a guilty plea involves waiver of fundamental constitutional rights, and that a plea is void where it is not voluntarily and knowingly made. *See* AOB at 4. He then outlined the ways in which the magistrate judge violated his due process rights when it refused to remove Mr. Facio-Servin's shackles or to allow him to come out from behind the plexiglass cage that separated his from his counsel. AOB at 4-7. Finally, he cited *Deck*

---

[1] "AAB" refers to the government's answering brief. "AOB" refers to Mr. Facio-Servin's opening brief.

*v. Missouri*, 544 U.S. 622, 635 (2005) for the proposition that a "defendant need not demonstrate actual prejudice to make out a due process violation." *See* AOB at 7.

Mr. Facio-Servin's argument survives the government's attempt to dismiss it. It is true that, as a general matter, guilty pleas extinguish claims except those preserved by mutual agreement between the parties. *See, e.g., Chavez-Diaz,* 949 F.3d at 1206. But Mr. Facio-Servin's due process challenge falls within the scope of exceptions to this rule carved out by the Supreme Court's precedent, because it is attacking "the voluntary and intelligent character of the guilty plea" itself. *See Tollet*, 411 U.S. at 267. Thus, the due process violation at issue is not an "antecedent legal error." *See Chavez-Diaz.* at 1206. Instead, it was contemporaneous with the plea itself and perforce rendered it unknowing and involuntary. For this reason, this Court should reject the government's request to dismiss Mr. Facio-Servin's due process challenge.

> B. **Mr. Facio-Servin's rights were violated when he was subjected to shackling and separated from his counsel by a plexiglass barrier, and the government cannot show that the error was harmless beyond a reasonable doubt.**

The government's substantive response to Mr. Facio-Servin's being shackled in a plexiglass cage during his guilty plea is similarly misguided. The government makes three arguments in support of its position. The Court should reject each one.

> 1. The prohibition against indiscriminate shackling is not limited to proceedings before a jury.

To begin, the government contends that the Supreme Court's decision in *Deck* "made it clear that the common law rule against shackling did not apply to proceedings before a judge." AAB at 7. In support of this proposition, the government cites approvingly to that portion of *Deck* where the Court explained that "Blackstone and other English authorities recognized that the rule did not apply 'at the time of arraignment,' or like proceedings before the judge. . . . It was meant to protect defendants appearing at trial before a jury." *Deck*, 544 U.S. at 626 (citing to 4 W. Blackstone, Commentaries on the Laws of England 317 (1769); *Trial of Christopher*

*Layer*, 16 How. St. Tr. 94, 99 (K.B.1722)). But there are at least two reasons why the government's argument is not well taken.

The first of these is the one cited by the majority in *United States v. Sanchez-Gomez*, 859 F.3d 649 (9th Cir. 2017) (en banc), *vacated as moot*, 138 S. Ct. 1532 (2018).[2] There, the lead opinion explained that the reference to Blackstone in *Deck* is merely dictum, and that "it's contradicted by the very sources on which the Supreme Court relied." *See* 859 F.3d at 663. Contrary to the *Deck* Court's analysis, "[s]hackles at arraignment and pretrial proceedings are acceptable only in situations of escape or danger." *Id.* The difference between arraignment and trial is not that shackles are permitted at one and not the other, but that they are more easily justified at the former than the latter. *See id.* In sum, the historical record suggests that shackling outside the presence of a jury was not a standard practice, and that it was done only after a showing of demonstrated need. *See id.*

And the Court's reasoning in *Deck* itself provides ample rebuttal to the government's position. Although *Deck* involved capital sentencing proceedings before a jury, the reasoning undergirding the Court's holding supports a broader application of the rule prohibiting routine shackling, to include all in-court appearances. The Court made clear that, while the limitation on the use of shackles has "deep roots in the common law," the bases for the "judicial hostility" to the practice have evolved over time. *Deck*, 544 U.S. at 626, 630. Thus, where opposition was once grounded primarily in concerns over the physical suffering caused by chains and manacles, the Court's more recent opinions have instead "emphasized the importance of giving effect to three fundamental legal principles." *Id.* at 630. And those principles support Mr. Facio-Servin's argument.

---

[2] As Mr. Facio-Servin noted in his AOB, though *Sanchez-Gomez* was vacated as moot, it remains persuasive authority for this Court. *See Roe v. Anderson*, 134 F.3d 1400, 1404 (9th Cir. 1998) (when the Supreme Court vacates an appellate decision "as unripe," the decision "remain[s] viable as persuasive authority, notwithstanding the Supreme Court's vacatur").

1 The principles in question are (1) the presumption of innocence, (2) the right to counsel, and (3) the dignity and decorum of the courtroom. *See Deck*, 544 U.S. at 630-31. Together, they require limiting the use of shackles in the courtroom, in any context, absent a showing of need. "Visible shackling undermines the presumption of innocence and the related fairness of the factfinding process." *Id.* at 630. And "[a] presumptively innocent defendant has the right to be treated with respect and dignity in a public courtroom, not like a bear on a chain." *Sanchez-Gomez*, 859 F.3d at 661. Maintaining that dignity is important, both for the defendant, whose freedom is at stake, and for the members of the public: "the courtroom's formal dignity . . . reflects the importance of the matter at issue, guilt or innocence, and the gravity with which Americans consider any deprivation of an individual's liberty through criminal punishment." *Deck*, 544 U.S. at 631. That very important right of individual liberty is further protected by the right to counsel, a right that is itself diminished by the use of physical restraints. *See id.*

These three fundamental legal principles prohibit the use of shackles absent an individualized finding that they are (1) required to address a specific need and (2) the least restrictive means of accomplishing that end. *See Sanchez-Gomez*, 859 F.3d at 661. Because the magistrate judge refused to either make such a finding or remove the shackles and plexiglass barrier, Mr. Facio-Servin's due process rights were violated, and his plea was rendered unknowing and involuntary.

2. *Bell v. Wolfish* does not provide the proper framework for evaluating the constitutionality of in-court conditions.

The government suggests that *Bell v. Wolfish*, 441 U.S. 520 (1979) already has established "the standard for evaluating the constitutionality of pre-trial conditions," and that Mr. Facio-Servin's restraints were reasonably related to a legitimate government objective. AAB at 8-9. But the government's reliance on *Bell* is misplaced. The questions presented in that case simply are of no moment in this one. There, inmates challenged a host of conditions, including the use of shackles, during their

period of pretrial confinement. The case had nothing whatsoever to do with in-court conditions. As the majority in *Sanchez-Gomez* noted, while *Bell* reaffirmed the judiciary's tradition of deference to correctional or law enforcement officers in the management of the security of their own facilities, there is no such tradition "as to the treatment of individuals appearing in public courtrooms." 859 F.3d at 665. The question here is not whether or not Mr. Facio-Servin was being punished through the use of shackles. *See* AAB at 8-9. Instead, the question is whether the bundle of due process rights to which he is entitled in a courtroom were impermissibly infringed to a degree that undermined his guilty plea. And the answer to *that* question is yes.

3. The due process violation was not harmless.

The Court explained in *Deck* that shackling is "inherently prejudicial." 544 U.S. at 635. That assessment was based on the Court's "belief that the practice will often have negative effects, but . . . those effects 'cannot be shown from a trial transcript.'" *Id.* (quoting *Riggins v. Nevada*, 504 U.S. 127, 137 (1992)). Accordingly, where a court shackles a defendant without making the requisite findings to justify that decision, "the defendant need not demonstrate actual prejudice." *Id.* Instead, it falls to the government to "prove 'beyond a reasonable doubt that the [shackling] error did not contribute to the verdict obtained.'" *Id.,* (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)) (alteration in original). Here, the government cannot carry this burden.

The government's argument that any error was rendered harmless by Mr. Facio-Servin's "guilty plea validly entered pursuant to Rule 11 in front of a judge," AAB at 10, is mere question begging. The government's position hinges on its assertion that Mr. Facio-Servin "does not argue that the alleged due process violation affected his decision to plead guilty." *Id.* But, as discussed above, this is incorrect. Indeed, it is exactly Mr. Facio-Servin's position that the due process violation rendered his guilty plea unintelligent and involuntary and thus invalid. Because the government cannot show that the error was harmless, this Court should vacate Mr. Facio-Servin's conviction.

II. **Mr. Facio-Servin preserves his equal protection challenge to the illegal entry statute under *Arlington Heights*.**

In his opening brief, Mr. Facio-Servin noted that the Ninth Circuit is currently considering an equal protection challenge to the offense of illegal reentry under 8 U.S.C. § 1326 in two cases pending before it. *See* AOB at 8. Because §§ 1325 and 1326 share the same historical background, the outcome of those cases may control the outcome here. Mr. Facio-Servin therefore wishes to preserve this issue in order that he may avail herself of any change in the legal landscape while this appeal is still pending.

III. **Mr. Facio-Servin preserves his argument that the magistrate judge failed to properly advise him of the elements of the offense, in violation of both basic principles of attempt law and *Rehaif*.**

In his opening brief, Mr. Facio-Servin acknowledged that the Ninth Circuit has previously rejected his argument regarding the elements of the offense. *See* AOB at 8 n.2. While he recognizes that this Court is not free to rule to the contrary, Mr. Facio-Servin wishes to preserve this argument in the event that either the Ninth Circuit or Supreme Court revisit the issue while this appeal is still pending.

## CONCLUSION

For these reasons, this Court should vacate Mr. Facio-Servin's conviction.

Respectfully submitted,

Dated: April 10, 2023

*s/ Paul A. Barr*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant-Appellant

Email: Paul_Barr@fd.org